**Blake Austen CRUME, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–10–00151–CR.**

Court of Appeals of Texas,
Beaumont.

Submitted Jan. 24, 2011.

Decided May 18, 2011.

---

David W. Barlow, Beaumont, for appellant.

Tom Maness, Crim. Dist. Atty., Wayln G. Thompson, Asst. Crim. Dist. Atty., Beaumont, for state.

Before GAULTNEY, KREGER, and HORTON, JJ.

## OPINION

CHARLES KREGER, Justice.

Appellant Blake Austen Crume appeals from the trial court's revocation of his community supervision and adjudication of guilt. Crume challenges his conviction on two grounds contending that the trial court lacked jurisdiction to accept his guilty plea and that the evidence is insufficient to sustain his conviction. We affirm the trial court's judgment.

## BACKGROUND

In April 2005, a grand jury indicted Crume for aggravated assault. *See* Tex. Penal Code Ann. § 22.02 (West Supp. 2010). Pursuant to a plea bargain agreement, Crume entered a plea of guilty to the offense of criminal mischief, a state jail felony. *See* Tex. Penal Code Ann. § 28.03 (West Supp.2010). Crume did not waive indictment and the State did not file a Complaint or Information charging him with criminal mischief.

At the plea hearing in February 2008, the trial court found the evidence sufficient to find Crume guilty of criminal mischief, but deferred further proceedings, placed him on community supervision for five years, and assessed a fine of $1,000. Appellant did not appeal or file a motion for new trial. The State subsequently filed a motion to revoke, alleging Crume violated terms of his community supervision. At the March 2010 motion to revoke hearing, after Crume pled "true" to four violations of the conditions of his community supervision, the trial court found Crume guilty of criminal mischief, and assessed punishment at two years of confinement in a state jail facility.

Crume argues that the trial court erred in accepting his plea of guilty because the trial court did not have jurisdiction. Crume also contends that the evidence is legally insufficient to sustain his conviction and that there is no evidence to support his conviction. The State argues that Crume has waived any error by not appealing from his original plea proceeding.

## JURISDICTION

■ Generally, "a defendant placed on deferred adjudication community supervision may raise issues relating to the original plea proceeding, such as evidentiary sufficiency, only in appeals taken when deferred adjudication community supervi-sion is first imposed." *Manuel v. State,* 994 S.W.2d 658, 661–62 (Tex.Crim.App. 1999). In rare circumstances, appellate courts apply an exception to this general rule. *Nix v. State,* 65 S.W.3d 664, 667 (Tex.Crim.App.2001). The void judgment exception would allow an appeal even after a motion to revoke deferred adjudication. *Id.* at 668 ("If the original judgment imposing probation was void, then the trial court would have no authority to revoke probation[ ], since, with no judgment imposing probation (because it is a nullity), there is nothing to revoke.").

■ Crume attempts to invoke the void judgment exception by arguing that the trial court lacked jurisdiction to enter the original guilty plea. Crume contends that criminal mischief is not a lesser-included offense of aggravated assault as alleged in the indictment, and as such, the trial court did not have jurisdiction to accept his plea.

■ The trial court's jurisdiction over a criminal case includes " 'the power of the court over the 'subject matter' of the case, conveyed by statute or constitutional provision, coupled with 'personal' jurisdiction over the accused, which is invoked in felony prosecutions by the filing of [an] indictment or information if indictment is waived.' " *State v. Dunbar,* 297 S.W.3d 777, 780 (Tex.Crim.App.2009) (quoting *Fairfield v. State,* 610 S.W.2d 771, 779 (Tex.Crim.App.1981)).

The law prescribes that district courts have original jurisdiction in felony criminal cases. Tex.Code Crim. Proc. Ann. art. 4.05 (West 2005) (jurisdiction of district courts). Since, in this case, both charges of aggravated assault and criminal mischief were felony offenses, clearly the trial court has subject matter jurisdiction over the criminal mischief offense in this case. *See* Tex. Penal Code Ann. § 22.02 (aggra-

vated assault); § 28.03(b)(4) (criminal mischief) (West Supp.2010).

▆ Unless the defendant waives indictment, an indictment is necessary to convey personal jurisdiction in a felony case. *Dunbar*, 297 S.W.3d at 780. A valid indictment must "charge 'a person,' with the commission of an offense." *Cook v. State*, 902 S.W.2d 471, 480 (Tex.Crim.App. 1995). The State filed a valid indictment against Crume on April 14, 2005, alleging the offense of aggravated assault. Crume essentially asks us to find that personal jurisdiction is offense-specific. We decline to do so. In a recent concurring opinion, Justice Keller discussed this issue.

Subject matter jurisdiction is offense-specific because it is about what type of offense can be tried in the court. But personal jurisdiction is person-specific; it determines whether the court can exercise power over a particular defendant. A trial court that has acquired personal jurisdiction over a particular defendant may nevertheless lack authority to try a defendant for offenses not covered by an indictment, but that is not the same thing as saying there is no jurisdiction over the person of the defendant.

*Trejo v. State*, 280 S.W.3d 258, 264 (Tex. Crim.App.2009) (Keller, P.J., concurring). We hold that the trial court had both subject matter and personal jurisdiction, and was not deprived of jurisdiction by Crume's plea of guilty to an offense that the parties treated as a lesser-included offense. *See id.* at 260–61. We overrule this issue.[1]

## ARTICLE 1.15 NO EVIDENCE CLAIM

▆▆ Crume challenges the sufficiency of the evidence to sustain his conviction.

However, by failing to raise the issue of evidentiary sufficiency when the trial court first imposed community supervision, Crume has waived this issue. *See Manuel*, 994 S.W.2d at 661–62. Crume attempts to invoke the void judgment exception to this rule by arguing there is no evidence to support his conviction for criminal mischief. The Court of Criminal Appeals has interpreted the void judgment exception to allow a collateral attack of the judgment in situations where the record reflects that there is no evidence to support the conviction. *Ex parte Moffett*, 542 S.W.2d 184 (Tex.Crim.App.1976); *see also Nix*, 65 S.W.3d at 668. However, for a judgment to be void due to no evidence, the record must show a due process violation arising from a complete absence of evidence to support the conviction. *Wolfe v. State*, 560 S.W.2d 686, 688 (Tex.Crim.App.1978); *Moffett*, 542 S.W.2d at 185; *see also Nix*, 65 S.W.3d at 668 n. 14.

▆ Here, Crume argues that the State offered no evidence to support a guilty plea to criminal mischief. However, the record reflects that Crume entered a plea of guilty to the offense of criminal mischief. Although Crume's plea of guilty alone may not satisfy the requirements of article 1.15 on a direct appeal, a guilty plea constitutes some evidence for purposes of due process. *See Nix*, 65 S.W.3d at 668 n. 14; *see also* Tex.Code Crim. Proc. Ann. art. 1.15 (West 2005); *Menefee v. State*, 287 S.W.3d 9 (Tex.Crim.App.2009). Therefore, Crume's original judgment is not subject to attack as a void judgment. Finding that Crume's claim does not come within the limited void judgment excep-

---

1. We also note that generally "[o]ne who accepts the benefits of a judgment, decree, or judicial order is estopped to deny the validity or propriety thereof, or of any part thereof, on any grounds; nor can he reject its burdensome consequences." *Rhodes v. State*, 240 S.W.3d 882, 891 (Tex.Crim.App.2007) (citation and quotations omitted).

tion, we overrule this issue and affirm the trial court's judgment.

AFFIRMED.