**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-13-00280-CR**
_____

**IN RE NORMAN C. CHAMBERS**

_____

**Original Proceeding**
_____

**MEMORANDUM OPINION**

In this mandamus proceeding, Norman C. Chambers contends the trial court violated a ministerial duty to grant his motion requesting the trial court to set aside as void a 1998 "deferred sentence order." The order reflects that Chambers pled guilty to reckless driving; the trial court then placed Chambers on community supervision for eight months. Chambers argues the order is void because he pled guilty to reckless driving, an offense that is not a lesser included offense of the offense he was charged with committing in the information, driving while intoxicated. Based on his argument that the 1998 order is void, Chambers argues

1

the trial court still possesses jurisdiction to enter an order that sets aside the order the court entered in 1998.

To be entitled to mandamus relief, Chambers "must demonstrate that: (1) there is no other adequate legal remedy, and (2) there is a clear and indisputable right to the relief sought." *State v. Patrick*, 86 S.W.3d 592, 594 (Tex. Crim. App. 2002). To prevail on a collateral attack in the trial court, Chambers must demonstrate both a cognizable irregularity and harm. *Ex parte Parrott*, 396 S.W.3d 531, 534 (Tex. Crim. App. 2013). To prevail on his claim that the trial court abused its discretion by denying Chambers' motion to set aside the 1998 deferred sentence order, Chambers must show that: (1) the trial court presently has jurisdiction over his case and the power to act on Chambers' motion, (2) the original deferred adjudication community supervision order was void *ab initio* because the trial court lacked subject matter jurisdiction when Chambers pled guilty to reckless driving, and (3) Chambers is not estopped from making a collateral challenge to the 1998 order.

The charging instrument gave the trial court jurisdiction over the case and Chambers. *See Trejo v. State*, 280 S.W.3d 258, 260-61 (Tex. Crim. App. 2009); *Crume v. State*, 342 S.W.3d 241, 243-44 (Tex. App.—Beaumont 2011, no pet.). The trial court had subject matter jurisdiction over misdemeanor offenses,

including an offense of reckless driving. *See* Tex. Gov't Code Ann. §§ 25.0003(a), 25.1721(2), 26.045(a) (West Supp. 2012);[1] Tex. Code Crim. Proc. Ann. art. 4.07 (West 2005); *see also* Tex. Transp. Code Ann. § 545.401 (West 2011). "A defendant who has enjoyed the benefits of an agreed judgment prescribing a too-lenient punishment should not be permitted to collaterally attack that judgment on a later date on the basis of the illegal leniency." *Rhodes v. State*, 240 S.W.3d 882, 892 (Tex. Crim. App. 2007).

Chambers has not demonstrated that he is entitled to relief. We deny the petition for writ of mandamus.

PETITION DENIED.

PER CURIAM

Submitted on June 27, 2013
Opinion Delivered August 14, 2013
Do Not Publish

Before Gaultney, Kreger, and Horton, JJ.

---

[1]Because the subsequent amendments do not affect our analysis, we cite the current versions of the statutes.

3