In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-13-00359-CR
_____

**LEEJAY EMANUEL CHARGOIS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 252nd District Court**
**Jefferson County, Texas**
**Trial Cause No. 12-14299**

**MEMORANDUM OPINION**

Appellant Leejay Emanuel Chargois appeals the trial court's revocation of his deferred adjudication community supervision and imposition of sentence for assault on a family member. We affirm the trial court's judgment of conviction.

BACKGROUND

A jury indicted appellant Leejay Emanuel Chargois, a repeat felony offender, for aggravated assault, a second-degree felony. Pursuant to a plea bargain agreement, Chargois pleaded guilty to the "Lesser Included Offense of: non-

Aggravated 3$^{\underline{rd}}$ Fam' Ass'[.]" [*sic*] *See* Tex. Penal Code Ann. § 22.01 (West Supp. 2014). The trial court found the evidence sufficient to find Chargois guilty but deferred further proceedings, placed Chargois on community supervision for four years, and assessed a fine of $500. The State subsequently filed a motion to revoke Chargois's unadjudicated community supervision.[1] Chargois pleaded "true" to two violations of the terms of his community supervision. The trial court found that Chargois violated the conditions of his community supervision, revoked Chargois's unadjudicated community supervision, found Chargois guilty of "lesser included non-aggravated assault" and assessed punishment at ten years of confinement.

In five appellate issues, Chargois contends the evidence was legally insufficient to support his conviction, his sentence was not authorized by law, his sentence is "void as a matter of law[,]" his plea was involuntary, and the trial court improperly admonished him concerning the applicable punishment range. The State concedes that the offense to which Chargois pleaded guilty may be "problematic" because a third-degree "family assault under 22.01 requires specific prior convictions that are elemental to the charge that are not encompassed within

---

[1]The State previously filed a motion to revoke Chargois's community supervision, which was heard and adjudicated by the Court. However, Chargois filed a motion for new trial, which the trial court granted. Therefore, the initial revocation is not before us on appeal.

the [a]ggravated [a]ssault with a deadly weapon offense for which [Chargois] was indicted." Nevertheless, the State argues Chargois contractually negotiated with the State and agreed to the offense and he only now complains because his deferred adjudication was revoked.

## ISSUE ONE

In his first issue, Chargois argues that the evidence was legally insufficient to support his conviction. Because that issue, if sustained, would result in acquittal, we address it first. *See Clewis v. State*, 922 S.W.2d 126, 133 (Tex. Crim. App. 1996). A guilty plea must be supported by sufficient evidence. Tex. Code Crim. Proc. Ann. art. 1.15 (West 2005); *Massey v. State*, 777 S.W.2d 739, 740 (Tex. App.—Beaumont 1989, no pet.). However, "a defendant placed on deferred adjudication community supervision may raise issues relating to the original plea proceeding, such as evidentiary sufficiency, only in appeals taken when deferred adjudication community supervision is first imposed." *Manuel v. State*, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999). Chargois did not challenge his original plea or deferred adjudication when it was first imposed.

An exception to the rule set forth in *Manuel* exists when the judgment is void. *Nix v. State*, 65 S.W.3d 664, 667 (Tex. Crim. App. 2001). "The void judgment exception recognizes that there are some rare situations in which a trial

3

court's judgment is accorded no respect due to a complete lack of power to render the judgment in question." *Id*. A void judgment is a nullity and can therefore be attacked at any time. *Id*. at 667-68. "If the original judgment imposing probation was void, then the trial court would have no authority to revoke probation[], since, with no judgment imposing probation (because it is a nullity), there is nothing to revoke." *Id*. at 668.

We therefore now turn to the question of whether the trial court's judgment was void, thereby allowing Chargois to challenge the sufficiency of the evidence after revocation despite *Manuel*. "[A] judgment is void only in very rare situations --usually due to a lack of jurisdiction." *Id*.

> A judgment of conviction for a crime is void when (1) the document purporting to be a charging instrument . . . does not satisfy the constitutional requisites of a charging instrument, . . . (2) the trial court lacks subject matter jurisdiction over the offense charged, . . . (3) the record reflects that there is *no evidence* to support the conviction, or (4) an indigent defendant is required to face criminal trial proceedings without appointed counsel[.]

*Id*. (emphasis added and footnotes omitted).

Chargois argues that his judicial confession contained in the written plea admonishments encompassed only the offense originally charged (aggravated assault) and "all lesser included offenses charged against" him, and he contends

4

that assault on a family member is not a lesser-included offense of aggravated assault, and therefore the evidence is legally insufficient.

Assuming without deciding that the offense of which Chargois was convicted is not a lesser-included offense of the charged offense, it does not necessarily follow that "no evidence" supported the judgment. *See Nix*, 65 S.W.3d at 668. The record indicates that the victim and Chargois were in a dating relationship and were engaged to be married. Although the record does not contain evidence of Chargois's relationship with the victim as defined by the applicable provisions of the Family Code or a qualifying prior conviction as contemplated by the third-degree felony punishment range set forth in section 22.01(b) of the Penal Code, both the plea bargain agreement and the judicial confession contained in the written plea admonishments demonstrate that Chargois pleaded guilty to the offense for which he was convicted, and provide some evidence to support his conviction for assault of a family member, third-degree. *See id.*; *Ex parte Williams*, 703 S.W.2d 674, 682 (Tex. Crim. App. 1986) (a guilty plea constitutes some evidence to support a conviction); *Crume v. State*, 342 S.W.3d 241, 244 (Tex. App.—Beaumont 2011, no pet.).

We conclude the "void judgment exception" does not apply because there is some evidence to support Chargois's conviction. Therefore, Chargois may not

5

challenge the sufficiency of the evidence after revocation of his deferred adjudication community supervision. *See Manuel*, 994 S.W.2d at 661-62; *Crume*, 342 S.W.3d at 244. Accordingly, we overrule issue one.

## ISSUES FOUR AND FIVE

In his fourth issue, Chargois argues that his plea was involuntary, and in his fifth issue, Chargois contends the trial judge improperly admonished him concerning the applicable range of punishment. Chargois may not wait until after revocation of his deferred adjudication community supervision to challenge the voluntariness of his plea on appeal. *See Clark v. State*, 997 S.W.2d 365, 368 (Tex. App.—Dallas 1999, no pet.); *see also* Tex. Code Crim. Proc. Ann. art. 42.12, § 23(b) (West Supp. 2014). Additionally, we note that the trial court expressly admonished Chargois at the plea hearing that the range of punishment is up to ten years in prison. Accordingly, we overrule issues four and five.

## ISSUES TWO AND THREE

In issue two, Chargois argues he was sentenced to a term of imprisonment that is not authorized by law, and in issue three, Chargois contends his sentence is "void as a matter of law." We address these issues together.

We have already determined that the trial court's judgment is not void. A plea bargain agreement is a contract between the State and the defendant. *Moore v.*

6

*State*, 295 S.W.3d 329, 331 (Tex. Crim. App. 2009). "As a contract, once both parties have entered knowingly and voluntarily into a plea bargain, they are bound by the terms of that agreement once it is accepted by the judge." *Id.* "[A] party who accepts benefits under a contract is estopped from questioning the contract's existence, validity, or effect." *Rhodes v. State*, 240 S.W.3d 882, 891 (Tex. Crim. App. 2007).

The record reflects that Chargois pleaded guilty to the third-degree felony offense of non-aggravated assault on a family member, and he was properly admonished of the range of punishment applicable to third-degree felonies, which is two to ten years of imprisonment and a fine of up to $10,000. *See* Tex. Penal Code Ann. § 12.34 (West 2011). The plea bargain agreement provided that Chargois would be prosecuted only for non-aggravated third-degree assault on a family member, the State would agree to dismiss another pending cause, and Chargois would receive deferred adjudication and be placed on community supervision for four years. The trial court's deferred adjudication order indicates that the trial court followed the plea bargain agreement. Upon revocation of his deferred adjudication community supervision, the trial court assessed punishment at ten years of confinement, which is within the range of punishment for a third-

degree felony.[2] *See id.* Chargois received benefits pursuant to the plea bargain agreement, and the trial court's judgment is not void; therefore, Chargois may not, after revocation, challenge the validity of the plea bargain agreement. *See Rhodes*, 240 S.W.3d at 891; *see also Manuel*, 994 S.W.2d at 661-62. Accordingly, we overrule issues two and three and affirm the trial court's judgment.

AFFIRMED.

_____
LEANNE JOHNSON
Justice

Submitted on September 8, 2014
Opinion Delivered November 12, 2014
Do Not Publish

Before McKeithen, C.J., Horton and Johnson, JJ.

---

[2]Had Chargois been convicted of aggravated assault, a second-degree felony, he would have faced exposure to a punishment range of two to twenty years of confinement and a fine not to exceed $10,000. *See* Tex. Penal Code Ann. §§ 12.33 (second-degree felony punishment), 22.02(b) (West 2011) (aggravated assault is a second-degree felony).