

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

## NO. 02-14-00157-CR

JAMES MARK BAKER                                                            APPELLANT

V.

THE STATE OF TEXAS                                                              STATE

----------

### FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY
### TRIAL COURT NO. 1303114D

----------

## MEMORANDUM OPINION ON REHEARING[1]
----------

On December 11, 2014, this court granted Appellant James Mark Baker's request to dismiss his appeal instead of submitting it without briefs for fundamental error. *See* Tex. R. App. P. 38.8(b)(4). On December 18, 2014, Appellant filed a letter in which he asserted he had changed his mind: He no longer wanted his appeal dismissed, and he wanted his appeal to be submitted without briefs for fundamental error. He again asked that the court suspend his

---

[1]*See* Tex. R. App. P. 47.4.

appeal until he could hire an appellate attorney. For the reasons given below, we treat Appellant's December 18, 2014 letter as a motion for rehearing, grant it in part and deny it in part, withdraw our earlier opinion of December 11, 2014, and submit this opinion in its place. Specifically, we agree to review his appeal for fundamental error. Finding no fundamental error, we affirm the trial court's judgment.

## I. Background

On February 24, 2014, Appellant entered an open plea of guilty to the offense of aggravated assault with a deadly weapon. A "Presentence Investigation Report" was prepared and, at the April 14, 2014 sentencing hearing, Appellant asked for deferred adjudication. The trial court sentenced him to imprisonment for four years.

On April 21, 2014, Appellant filed a pro se notice of appeal. The trial court appointed Ronald Couch as appellate counsel on May 1, 2014, and on May 9, 2014, Appellant filed a motion to dismiss Couch. On May 12, 2014, this court abated the appeal for the trial court to determine if Appellant wanted to proceed pro se and, if so, to admonish him of the dangers and disadvantages of self-representation in accordance with *Faretta v. California*, 422 U.S. 806, 835, 95 S. Ct. 2525, 2541 (1975), and *Hubbard v. State*, 739 S.W.2d 341, 345 (Tex. Crim. App. 1987). After the trial court conducted a hearing, this court granted Appellant's motion to dismiss appointed counsel and allowed Appellant to proceed pro se in his appeal.

On November 14, 2014, Appellant filed a document in which he stated that he wanted to (1) withdraw his direct appeal, (2) suspend his direct appeal until he could hire appellate counsel, (3) decline the appointment of appellate counsel, (4) decline to have his appeal submitted without briefs for fundamental error under rule 38.8(b)(4) of the Texas Rules of Appellate Procedure, and (5) have the record supplemented with an "Investigator Report." On December 11, 2014, this court (1) granted his motion to dismiss his appeal, (2) denied his motion to suspend his appeal until he could hire appellate counsel, (3) granted his request to continue pro se, (4) granted his request not to have his appeal submitted without briefs for fundamental error, and (5) denied his request to supplement the record with an "Investigator Report."

## II. Discussion

In his December 18, 2014 letter, Appellant states that he has changed his mind. He no longer wants his appeal dismissed, and he now wants his appeal submitted without briefs for fundamental error. Appellant continues to request we suspend his appeal until he can retain appellate counsel.

We again deny Appellant's request under rule 2 to abate his appeal until such time as he is able to hire an attorney. *See* Tex. R. App. P. 2. Rule 2 requires good cause, and Appellant has not shown good cause. *See id.* There is no showing of when, if ever, Appellant would be able to hire appellate counsel. Therefore, we deny this portion of Appellant's motion for rehearing.

Rule 38.8(b)(4) provides that an appellate court may consider an appeal without briefs as justice may require. Tex. R. App. P. 38.8(b)(4); *Burton v. State*, 267 S.W.3d 101, 103 (Tex. App.—Corpus Christi 2008, no pet.). An appellate court's inherent power to dismiss a case is reserved for those situations in which a party has engaged in some serious misconduct such as bad-faith abuse of the judicial process. *Burton*, 267 S.W.3d at 103 (relying on Tex. Code Crim. Proc. Ann. art. 44.33(b) (West 2006)).

On July 17, 2014, Appellant filed his brief in this court. On July 22, 2014, this court informed Appellant his brief did not comply with rules 38.1(a), (d), (g), (h), and (i) of the Texas Rules of Appellate Procedure and instructed him to file an amended brief by August 21, 2014. On September 23, 2014, this court granted Appellant's motion to extend time to file his amended brief, giving him until November 17, 2014, to file his amended brief. Although Appellant has not filed an amended brief, we hold this failure does not constitute engaging in serious misconduct or in a bad-faith abuse of the judicial process; Appellant's efforts to represent himself pro se do not appear to be malicious or abusive. We therefore grant his motion for rehearing to that extent, submit his case without the benefit of briefs, and review the record for fundamental error in the interest of justice. *See id.*

When an appellant fails to file a brief, appellate review is limited to fundamental errors. *Id.* The Texas Court of Criminal Appeals has enumerated the following fundamental errors: (1) denial of the right to counsel, (2) denial of

4

the right to a jury trial, (3) denial of ten days' preparation before trial for appointed counsel, (4) absence of jurisdiction over the defendant, (5) absence of subject-matter jurisdiction, (6) prosecution under a penal statute that does not comply with the Separation of Powers section of the state constitution, (7) jury charge errors resulting in egregious harm, (8) holding trials at a location other than the county seat, (9) prosecution under an ex post facto law, and (10) comments by a trial judge which taint the presumption of innocence. *Saldano v. State*, 70 S.W.3d 873, 887–89 (Tex. Crim. App. 2002); *Burton*, 267 S.W.3d at 103. Appellant had trial counsel. Appellant waived his right to a jury. Appointed counsel had more than ten days to prepare for trial. The filing of the indictment gave the district court jurisdiction over Appellant. *Crume v. State*, 342 S.W.3d 241, 243 (Tex. App.—Beaumont 2011, no pet.) The district court has jurisdiction over felonies. Tex. Code Crim. Proc. Ann. art. 4.05 (West 2005). Nothing in section 22.02(a)(2) of the Texas Penal Code suggests a separation-of-powers or ex post facto violation. Tex. Penal Code Ann. § 22.02(a)(2) (West 2011). Appellant pled guilty before the court, so there was no jury charge. Appellant's case was tried in Fort Worth, the county seat of Tarrant County. Our review of the record shows the trial judge made no comment potentially tainting the presumption of innocence. Our examination of the record does not reveal unassigned fundamental error. Accordingly, we affirm the trial court's judgment and deny the remainder of Appellant's motion for rehearing.[2]

---

[2]Appellant's brief, which this court rejected because it failed to comply with

PER CURIAM

PANEL: GARDNER, WALKER, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: January 29, 2015

---

numerous requirements of the Texas Rules of Appellate Procedure, effectively complained of ineffective assistance of counsel. Ineffective assistance of counsel is not listed among those errors considered fundamental; in any event, Appellant failed to develop the record in the trial court to support his allegations. *See Menefield v. State*, 363 S.W.3d 591, 592–93 (Tex. Crim. App. 2012) (stating that a direct appeal is usually an inadequate vehicle for raising an ineffective-assistance-of-counsel claim because the record is generally undeveloped).