

# IN THE
# TENTH COURT OF APPEALS

### No. 10-18-00368-CR

**JONATHAN E. ROGERS,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 13th District Court
### Navarro County, Texas
### Trial Court No. D36062-CR

# OPINION

Jonathon Rogers was charged by indictment with the offense of attempted sexual assault. On February 26, 2016, Rogers entered a plea of guilty to the offense of unlawful restraint, and the trial court deferred adjudication of guilt and placed Rogers on community supervision for ten years. The State filed a Motion to Adjudicate Rogers' guilt on the underlying offense and revoke his community supervision. On October 26, 2018, Rogers entered pleas of true to five of the allegations in the State's motion. The trial

court found the allegations to be true, adjudicated Rogers guilty of unlawful restraint, revoked his community supervision, and sentenced Rogers to five years confinement. We affirm.

In the sole issue on appeal, Rogers complains that the judgment is void because unlawful restraint is not a lesser-included offense of the indicted offense of attempted sexual assault. On June 18, 2019, the State filed a letter in this Court stating, "the State does not intend to file a brief … Upon reviewing the Appellant's brief and relevant case law, the State agrees with Appellant's position."

A confession of error is important, but not conclusive in deciding an appeal. *Saldano v. State*, 70 S.W.3d 873, 884 (Tex. Crim. App. 2002). A confession does not relieve this Court of the performance of the judicial function. *Id*. The considered judgment of the law enforcement officers that reversible error has been committed is entitled to great weight, but our judicial obligations compel us to examine independently the errors confessed. *Id*. If, after our independent examination of appellant's issue, we conclude that it lacks merit, we should overrule it, despite the State's confession. *Id*.

Generally, a defendant placed on deferred adjudication community supervision may raise issues relating to the original plea proceeding, such as evidentiary sufficiency, only in appeals taken when deferred adjudication community supervision is first imposed. *Manuel v. State*, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999); *Crume v. State*, 342 S.W.3d 241, 243 (Tex. App. —Beaumont 2011, no pet.). A void judgment is one

exception to this general rule. *Nix v. State*, 65 S.W.3d 664, 667 (Tex. Crim. App. 2001); *Crume v. State*, 342 S.W.3d at 243. The void judgment exception would allow an appeal even after a motion to revoke deferred adjudication. *Crume v. State*, 342 S.W.3d at 243.

Rogers argues that the judgment in this case is void because unlawful restraint is not a lesser-included offense of the indicted offense of attempted sexual assault as alleged in the indictment. In *Crume*, the defendant also argued that the judgment was void. The defendant in *Crume* was indicted for the offense of aggravated assault, but entered a plea of guilty to the offense of criminal mischief. The trial court deferred adjudication of guilt and placed the defendant on community supervision. The State filed a motion to revoke community supervision, the defendant pled true to the allegations, and the trial court found the defendant guilty of criminal mischief.

The defendant in *Crume* argued that because criminal mischief is not a lesser-included offense of aggravated assault, the trial court lacked jurisdiction to accept his plea, and the judgment was void. The Court in *Crume* held that the trial court had subject matter jurisdiction because both offenses were felony offenses. *Crume v. State*, 342 S.W.3d at 243. The Court held that the trial court had personal jurisdiction because there was a valid indictment charging the defendant with aggravated assault and personal jurisdiction is "person-specific" not "offense-specific." *Crume v. State*, 342 S.W.3d at 244. We agree with the Court in *Crume* and find that the trial court had both personal and

subject matter jurisdiction to accept Rogers' plea. We find that the judgment in this case is not void. *See Nix v. State*, 65 S.W.3d at 668.

Because we find that the judgment in this case is not void, we lack jurisdiction to review the issue on appeal of the revocation of community supervision. *Nix v. State*, 65 S.W.3d at 667; *Manuel v. State*, 994 S.W.2d at 661-62. We overrule the sole issue on appeal.

We affirm the trial court's judgment.


JOHN E. NEILL
Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Neill
Affirmed
Opinion delivered and filed July 31, 2019
Publish
[CR25]

