**Affirmed as Modified and Opinion Filed December 30, 2022**



In The

## Court of Appeals
## Fifth District of Texas at Dallas

**05-20-00750-CR**

**05-20-00751-CR**

**05-20-00752-CR**

**05-20-00753-CR**

**05-20-00754-CR**

**JASON JACOB OSIFO, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 296th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause Nos. 296-81128-2020, 296-81129-2020, 296-81394-2016,**
**296-82063-2017, 296-82064-2015**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Pedersen, III, and Nowell
Opinion by Justice Pedersen, III

In this appeal from five judgments entered after a non-jury proceeding, appellant brings three issues concerning (1) whether a 2018 plea to aggravated robbery was voluntarily and knowingly made; (2) duplicate costs; and (3) "time payment" fees. The State brings a cross-point and urges that we modify the judgments in two of appellant's cases to accurately reflect sentences orally

pronounced from the bench. We sustain the State's cross-point and affirm the two judgments as modified. We affirm the remaining three judgments.

## Procedural Background

In 2020, the trial court disposed of five cases against appellant in one proceeding.[1] We review the judgments of these five cases.

Based on appellant's pleas of guilty at the 2020 hearing, the trial court found appellant guilty in two cases. The trial court revoked community supervision in two cases in which appellant had been placed on probation. And the trial court adjudicated appellant's guilt in another case in which appellant had been placed on deferred adjudication community supervision.

Judgments in two cases resulted in appellant's convictions for unlawful possession of a firearm by a felon, trial cause number 296-81129-2020, and for possession of a controlled substance, trial cause number 296-81128-2020. Appellant pleaded guilty to the two offenses. The trial court sentenced appellant to confinement in both cases. Appellant appeals here from these two judgments.

The trial judge was familiar with appellant's remaining three cases. In one of those cases—aggravated robbery, trial cause number 296-82063-2017—the trial court had previously deferred adjudication of guilt and placed appellant on

---

[1] Appellate cause number 05-20-00750-CR corresponds with trial cause number 296-81128-2020; 05-20-00751-CR with 296-81129-2020; 05-20-00752-CR with 296-81394-2016; 05-20-00753-CR with 296-82063-2017; and 05-20-00754-CR with 296-82964-2015.

community supervision. In the other two cases—burglary of a habitation, trial cause number 296-81394-2016, and misdemeanor assault, trial cause number 296-81394-2016—the trial court had previously sentenced appellant to confinement, ordered appellant's "shock probation," and then sentenced appellant to probation and community supervision. At the July 2020 hearing, appellant pleaded true to the state's allegations in its motion to adjudicate guilt and its motions to revoke probation. The trial court sentenced appellant to confinement in each of these three cases. Appellant also appeals here from these three judgments.

## Appellant's First Issue: 2018 Guilty Plea

Appellant frames his first issue as follows:

> The trial court failed to meet its obligations under Tex. Code Crim. Proc. Art. 1.15 to ensure that Appellant's plea to the underlying charge was knowingly and voluntarily given when presented with evidence showing Appellant was not, in fact, guilty of the aggravated robbery to which he pleaded. Because the plea was not knowingly and voluntarily given, the Order of Deferred Adjudication is void, and no later adjudication can be taken from it.

Appellant's first issue is relevant to his 2020 adjudication of guilt and sentence for aggravated robbery from which he appeals here. As noted, the trial court had previously deferred adjudication and placed appellant on community supervision for this offense, as recited in the 2018 order of deferred adjudication. The 2018 order included a deadly weapon finding for use of a firearm. Appellant's first issue concerns his guilty plea to aggravated robbery in the 2018 proceeding.

The State casts appellant's first issue as: "Appellant claims that his underlying guilty plea in his aggravated robbery case was not supported by sufficient evidence and was not entered voluntarily and knowingly." The State argues we do not have jurisdiction to address appellant's "collateral attacks."

*Background*

At the 2018 hearing, the aggravated-robbery victim, who was attempting to deliver a pizza when robbed at gunpoint, testified appellant did not hold a firearm and did not threaten him during the robbery. Appellant insisted he had no knowledge that a participant in the robbery, Ty-Ty, intended to rob the victim or that Ty-Ty would use a firearm to facilitate the robbery. Appellant's co-defendant testified Ty-Ty said the pizza would be "on her." But there was testimony that appellant took the pizza box from the victim and warned Ty-Ty of an approaching vehicle. The trial court deferred a finding of guilt and placed appellant on community supervision for ten years. The trial court entered a deadly weapon finding in its judgment. The trial court certified that appellant had a right to appeal. Appellant failed to appeal from the 2018 order of deferred adjudication.

The 2020 proceeding included the trial court's adjudication of whether appellant had violated terms and conditions related to his 2018 order of deferred adjudication for aggravated robbery. The trial court asked appellant if the State's allegations were true or not true. Appellant asked whether the trial court remembered appellant's stating at the 2018 hearing that appellant did not possess the firearm

–4–

during the aggravated robbery of the pizza delivery person. The trial court responded:

> [W]e are not here to talk about or argue at all about that case because that's already been done. The State has now said that you violated the terms and conditions of your probation while you were on probation for aggravated robbery.

Appellant entered an open plea of "true." The trial court found the State's allegations to be true, adjudicated appellant's guilt, and sentenced appellant to thirteen years in prison. The judgment recited that appellant had the right to appeal punishment only.

*Discussion*

Appellant contends that "no evidence" supported the deadly weapon finding in the 2018 aggravated robbery order. Appellant cites article 1.15 of the Texas Code of Criminal Procedure, which provides, in part: "[I]n no event shall a person charged be convicted upon his plea without sufficient evidence to support the same." TEX. CODE CRIM. PROC. ANN. art. 1.15. Appellant argues that in any guilty plea, the "sufficient evidence" requirement of article 1.15 is absolute.

However, appellant failed to appeal from the 2018 order. Appellant cannot dispute the sufficiency of the 2018 order on appeal from revocation, as he attempts here. "A defendant must raise issues relating to the original plea proceeding, including evidentiary sufficiency, only in a timely appeal taken when deferred-adjudication community supervision is first imposed." *Perez v. State*, 424 S.W.3d 81, 86 (Tex. Crim. App. 2014). "Sufficiency challenges, like those raised under

–5–

Article 1.15, cannot be raised on appeal from revocation." *See Fox v. State*, No. 02-19-00240-CR, 2020 WL 579111, at *2 (Tex. App.—Fort Worth Feb. 6, 2020, pet. ref'd) (mem. op., not designated for publication) (noting, "Thus, to the extent that Fox disputes the sufficiency of her judicial confession under Article 1.15, her challenge cannot be considered on appeal from revocation."). We reject appellant's no-evidence argument.

Appellant nonetheless argues that the 2018 order in the underlying plea hearing is void and thus is susceptible to attack here. Appellant's argument again is based on insufficiency of the evidence to support the 2018 order. Although the general rule is that the sufficiency of the evidence to sustain a conviction cannot be collaterally attacked, one exception is where there is a void judgment. *See Arnold v. State*, No. 05-11-00917-CR, 2012 WL 2768620, at *2 (Tex. App.—Dallas July 10, 2012, no pet.) (mem. op., not designated for publication) (noting, "In criminal cases, a judgment is void if there is no evidence to support the conviction."). For a judgment to be void due to no evidence, the record must show a due process violation arising from a complete absence of evidence to support the conviction. *See Wolfe v. State*, 560 S.W.2d 686, 688 (Tex. Crim. App. [Panel Op.] 1978); *Crume v. State*, 342 S.W.3d 241, 244 (Tex. App. – Beaumont 2011, no pet.). But the record reflects that appellant entered a plea of guilty. Although appellant's plea of guilty alone may not satisfy the requirements of article 1.15 on direct appeal, a guilty plea constitutes

some evidence for purposes of due process. *See Arnold*, 2012 WL 2768620, at *2. We reject appellant's void-judgment argument.

Appellant also argues that his guilty plea is void because it was not made voluntarily or intelligently. Appellant argues he demonstrated a lack of understanding of the law in relation to the facts when pleading guilty because there was "no evidence" to support the deadly weapon allegation. From this, appellant argues "the Order of Deferred Adjudication was void because the trial court erred by accepting Appellant's inadequate admission of guilt rather than accepting it only as to the lesser-included offense of robbery. As a result, the Judgment and sentence imposed in 2020 are also void." Initially, we reject this argument, which essentially is a variant of appellant's no-evidence argument that we found unconvincing above. Moreover, a claimed "involuntary plea" does not give rise to a void judgment. *See Jordan v. State*, 54 S.W.3d 783, 785 (Tex. Crim. App. 2001). We reject appellant's argument that the 2018 and 2020 orders are void.[2]

We overrule appellant's first issue.

---

[2] The State characterizes appellant's argument as an impermissible "hybrid" attack on the 2018 order that conflates an art. 1.15 sufficiency challenge and a void judgment challenge. The State complains that appellant argues that although a guilty plea constitutes some evidence for purposes of due process, appellant's plea was invalid (and therefore void) because it was not entered into knowingly, voluntarily, and with an understanding of the law in relation to the facts. The Second Court of Appeals has rejected an argument that merged a void judgment inquiry with an article 1.15 inquiry. *See Fox v. State*, No. 02-19-00240-CV, 2020 WL 579111, at *2 (Tex. App.—Fort Worth Feb. 6, 2020, pet. ref'd) (mem. op., not designated for publication) ("Fox would join these two principles into a single argument, but . . . the law does not support such a hybridization. Rather, each principle must be considered separately . . . ."). We agree with the reasoning contained in *Fox* and separately address the two issues.

**Appellant's Second Issue: Duplicate Costs**

In his second issue, appellant complains of improper duplicate costs in four of the five cases. Appellant cites the law concerning duplicate costs. Appellant fails to address specific costs assessed in three cases in 2018 and additional costs assessed in those same three cases and in two additional cases in 2020. Appellant fails to specifically identify a single duplicate cost.

*The law of duplicate costs*

The Texas Code of Criminal Procedure prohibits duplicative fees in certain criminal actions. *See* Tex. Code Crim. Proc. Ann. art. 102.073(a) ("In a single criminal action in which a defendant is convicted of two or more offenses or of multiple counts of the same offense, the court may assess each court cost or fee only once against the defendant."). Article 102.073(a) does not limit its reach to convictions arising out of the same criminal episode, but rather it applies to convictions of "two or more offenses or of multiple counts of the same offense." *Hurlburt v. State*, 506 S.W.3d 199, 202–03 (Tex. App.—Waco 2016, no pet.). The phrase "in a single criminal action" in Article 102.073(a) is interpreted as including "allegations and evidence of more than one offense . . . [which] are presented in a single trial or plea proceeding." *Id.* at 203; *see Guerin v. State*, No. 02-18-00509-CR, 2019 WL 4010361, at *1 (Tex. App.—Fort Worth Aug. 26, 2019, no pet.) (mem. op., not designated for publication) ("This court and others have interpreted 'a single

–8–

criminal action' to include a trial on multiple offenses regardless of whether they were committed in a single criminal episode.").

*Discussion*

To the extent that appellant challenges the court costs imposed in his three 2018 proceedings, identified above, he is barred from doing so. *See Perez*, 424 S.W.3d at 86 (failure to file timely appeal of assessment of costs in deferred adjudication order forfeits "any appellant complaint" regarding those costs); *Pugh v. State*, No. 03-18-00027-CR, 2018 WL 4039572, at *3 (Tex. App.—Austin Aug. 24, 2018, no pet.) (mem. op); *Weatherspoon v. State,* No. 03-15-00236-CR, 2015 WL 286384, at *2 (Tex. App.—Austin Jan. 22, 2016, no pet.) (mem. op., not designated for publication). Thus, our review of costs in these cases is limited to costs imposed in appellant's 2020 proceeding and not those imposed earlier at the time of deferred adjudication or imposition of parole. *See Perez*, 424 S.W.3d at 86; *Pugh*, 2018 WL 4039572 at *3; *Weatherspoon*, 2015 WL 286384 at *2.

Appellant may not now challenge costs imposed in 2018 related to court proceedings for aggravated robbery, burglary of a habitation, and misdemeanor assault. We overrule appellant's second issue to the extent he claims the above costs, assessed in 2018, are duplicative.

*Costs related to the 2020 proceeding and convictions*

We have jurisdiction to address costs imposed in all five cases in the 2020 proceeding. *See Perez*, 424 S.W.3d at 86 (noting court of appeals did not have

–9–

jurisdiction to consider costs imposed in conjunction with earlier deferred-adjudication order but did have jurisdiction to consider costs in the current appeal from an adjudication of guilt).

The State notes that although appellant's brief sets out applicable law regarding duplicative court costs, appellant fails to specifically apply the law to appellant's five cases, three of which have "complicated procedural histories." Indeed, the record contains ten bills of costs entered over the course of several years. The ten bills of costs have 201 separate entries for various costs. Of these 201 costs, Appellant fails to specifically identify a single duplicative cost in the ten bills of costs. Appellant simply recites the law, generally notes that some unidentified costs—presumably contained somewhere in the 201 of them here—are duplicative, concludes that "[a]ppellant's judgments should be reformed to reflect only permissible costs of court . . . ," and leaves it at that.

The State argues appellant insufficiently presents his assertions of duplicative costs by failing to identify or complain of a single cost or to explain why such a cost would be duplicative and cites to *Coronel v. State*, 416 S.W.3d 550, 556 (Tex. App.—Dallas 2013, pet. ref'd) ("[A]ppellant does not challenge the propriety or legality of the specific costs assessed; therefore, we do not address these issues."); *Houston v. State*, 410 S.W.3d 475, 479 (Tex. App.—Fort Worth 2013, no pet.) ("We decline to undertake a review of the correctness of each cost charged in the bill of costs when Houston has not done so."); *Edwards v. State*, Nos. 09-13–00360-CR &

09-13-00361-CR, 2014 WL 1400747, at *4 (Tex. App.—Beaumont Apr. 9, 2014, no pet.) (mem. op., not designated for publication) ("We decline to undertake any further review of the correctness of each cost charged in the bill of costs when [appellant] has not specified which item he challenges and the basis for his challenge.").

To assert an issue on appeal, an appellant's brief must contain a "clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1. An appellant waives an issue on appeal if he does not adequately brief an issue by failing to provide supporting arguments, substantive analysis, and appropriate citations to authorities and to the record. *See Noble v. State*, No. 05-21-00326-CR, 2022 WL 17351908, at *5 (Tex. App.—Dallas Dec. 1, 2022, no pet.) (mem. op., not designated for publication) (citing *Lucio v. State*, 351 S.W.3d 878, 896-97 (Tex. Crim. App. 2011); *Chaves v. State*, 630 S.W.3d 541, 555 (Tex. App.—Houston [1st Dist.] 2021, no pet.)). An appellate court has no obligation to construct and compose issues, facts, and arguments with appropriate citations to authorities and the record for the appellant. *See Wolfe v. State*, 509 S.W.3d 325, 343 (Tex. Crim. App. 2017). A brief that fails to apply the law to the facts does not comport with the Rule 38.1 and presents nothing for our review. *See Swearingen v. State*, 101 S.W.3d 89, 100 (Tex. Crim. App. 2003). Appellant failed to provide this Court with substantive argument, analysis, or apply the law to the

facts in this issue. Therefore, we find he waived this issue concerning costs related to the 2020 proceeding.

We overrule appellant's second issue.

### Appellant's Third Issue: "Time Payment Fees"

In his third issue, appellant argues the trial court erred in prematurely assessing a time-payment fee previously authorized by section 133.103 of the Texas Local Government Code.[3]

Section 133.103 provided that "[a] person convicted of an offense shall pay, in addition to all other costs, a fee of $25 if the person . . . has been convicted of a felony or misdemeanor; and . . . pays any part of a fine, court costs, or restitution on or after the 31st day after the date on which a judgment is entered assessing the fine, court costs, or restitution." *Machina v. State*, No. 10-18-00156-CR, 2020 WL 1183157, at *9 (Tex. App.—Waco Mar. 11, 2020, pet. ref'd) (mem. op., not designated for publication) (quoting language of former TEX. LOC. GOV'T CODE ANN. § 133.103).

---

[3] The Texas Legislature passed legislation, effective January 1, 2020, that transfers Texas Local Government Code section 133.103 to Texas Code of Criminal Procedure article 102.030 and revises the statute to provide that all of the fees collected under the section are "to be used for the purpose of improving the collection of outstanding court costs, fines, reimbursement fees, or restitution or improving the efficiency of the administration of justice in the county or municipality." *See* Act of May 23, 2019, 86th Leg., R.S., S.B. 346, § 2.54, 2019 Tex. Sess. Law Serv. Ch. 1352. The changes apply only to a cost, fee, or fine assessed on a conviction for an offense committed on or after the effective date of the Act. *Id.* § 5.01. Because the offenses in which the complained-of fees were assessed in these cases were committed before January 1, 2020, the former law applies. *Id.*; *Ovalle v. State*, 592 S.W.3d 616, 617 n.1 (Tex. App.—Dallas 2020), *vacated on other grounds, Ovalle v. State*, No. PD-0127-20, 2021 WL 1938672, at *1 (Tex. Crim. App. May 12, 2021) (per curiam).

Appellant argues that the fee was prematurely assessed in three of his cases: the aggravated robbery, the burglary of a habitation, and the misdemeanor assault. Appellant correctly urges the pendency of an appeal "stops the clock" for purposes of the time payment fee. *Dulin v. State*, 620 S.W.3d 129, 133 (Tex. Crim. App. 2021).

But the state correctly argues the charges identified by appellant were assessed in prior proceedings, in 2018, when the trial court placed appellant on deferred adjudication in the aggravated robbery case and on community supervision in the burglary and assault cases. As noted, appellant failed to timely appeal from the 2018 orders in these three cases. Appellant's failure to appeal was a "procedural default," and appellant has "forfeited any appellate complaint as to that sum[.]" *Perez*, 424 S.W.3d at 86. Hence, appellant cannot complain here of "time-payment fees" imposed in 2018 and not timely appealed.

We overrule appellant's third issue.

### The State's Cross-Point

In its single cross-point, the State asks us to modify the judgments in two of appellant's cases to accurately reflect the sentences pronounced by the trial court at the plea hearing. The State urges that we modify the judgment in the unlawful possession of a firearm case to reflect a ten-year sentence, rather than a five-year sentence and the judgment in the aggravated robbery case to reflect a thirteen-year sentence, rather than a ten-year sentence.

In the unlawful possession of a firearm case, the judgment shows a sentence of five years in TDCJ. The docket sheet corresponds to the judgment. However, the reporter's record reflects that the trial court orally assessed appellant's punishment at ten years in TDJC. In the aggravated robbery case, the judgment reflects a sentence of ten years in TDCJ. The docket sheet corresponds with the judgment. The reporter's record, however, shows the trial court orally assessed appellant's punishment at thirteen years in TDCJ.

The Texas Court of Criminal Appeals has stated: "It is well established that a trial court's oral pronouncement of a sentence in open court *is* the sentence imposed. The written judgment or a docket entry is 'merely the written declaration and embodiment of that oral pronouncement.'" *McClinton v. State*, 121 S.W.3d 768, 770 (Tex. Crim. App. 2003) (emphasis in original). The Court had previously explained:

> The rationale for that rule is that the imposition of sentence is the crucial moment when all of the parties are physically present at the sentencing hearing and able to hear and respond to the imposition of sentence. Once he leaves the courtroom, the defendant begins serving the sentence imposed.

*Ex parte Madding*, 70 S.W.3d 131, 135 (Tex. Crim. App. 2002). "Thus, a trial court does not have the statutory authority to impose one sentence orally to the defendant and then, at some later date, enter a different, greater or lesser, sentence in his written judgment outside the defendant's or State's presence." *McClinton*, 121 S.W.3d at 770.

At sentencing, appellant's counsel did not object to the ten- or thirteen-year sentence. Moreover, appellant's counsel represents in briefing here that "[a]ppellant was sentenced to 10 years confinement" in conjunction with unlawful possession of a firearm by a felon and "[a]ppellant was sentenced to 13 years confinement" in conjunction with aggravated robbery.

This Court has power to modify an incorrect judgment to make the record speak the truth when we have the necessary information before us to do so. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529-30 (Tex. App.—Dallas 1991, pet. ref'd). Accordingly, we modify the trial court's judgments as the State requests:

In trial cause 296-82063-2017, the judgment is modified as follows:

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:
    in the Judgment Adjudicating Guilt, the phrase "Ten (10) Years, Institutional Division, TDCJ" is deleted from the section entitled "Punishment and Place of Confinement" and "Thirteen (13) Years, Institutional Division, TDCJ" is substituted in that section.
As **REFORMED**, the judgment is **AFFIRMED**

In trial cause 296-81129-2020, the judgment is modified as follows:

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:
    in the Judgment of Conviction by Court-Waiver of Jury Trial, the phrase  "Five (5) Years TDCJ, Correctional Institutions Division" is deleted from the section entitled "Punishment and Place of Confinement" and "Ten (10) Years, TDCJ, Correctional Institutions Division" is substituted in that section.
As **REFORMED**, the judgment is **AFFIRMED**.

We sustain the State's cross-point and modify the judgments in trial cause numbers 296-82063-2017 and 296-81129-2020.

## Conclusion

We overrule all three of appellant's issues. We sustain the State's single cross–point, modify the judgments in trial cause numbers 296-82063-2017 and 296-81129-2020, and affirm as modified. We affirm the remaining three judgments.

200750f.u05
200751f.u05
200752f.u05
200753f.u05
200754f.u05
Do Not Publish
TEX. R. APP. P. 47.2(b)

/Bill Pedersen, III/
BILL PEDERSEN, III
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

JASON JACOB OSIFO, Appellant

No. 05-20-00750-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 296th Judicial District Court, Collin County, Texas Trial Court Cause No. 296-81128-2020.
Opinion delivered by Justice Pedersen, III. Justices Partida-Kipness and Nowell participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered this 30th day of December, 2022.



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

JASON JACOB OSIFO, Appellant

No. 05-20-00751-CR       V.

THE STATE OF TEXAS, Appellee

On Appeal from the 296th Judicial District Court, Collin County, Texas Trial Court Cause No. 296-81129-2020.
Opinion delivered by Justice Pedersen, III. Justices Partida-Kipness and Nowell participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

In the Judgment of Conviction by Court-Waiver of Jury Trial, the phrase "Five (5) Years TDCJ, Correctional Institutions Division" is deleted from the section entitled "Punishment and Place of Confinement" and "Ten (10) Years, TDCJ, Correctional Institutions Division" is substituted in that section.
As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 30th day of December, 2022.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JASON JACOB OSIFO, Appellant

No. 05-20-00752-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 296th Judicial District Court, Collin County, Texas Trial Court Cause No. 296-81394-2016.
Opinion delivered by Justice Pedersen, III. Justices Partida-Kipness and Nowell participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 30th day of December, 2022.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JASON JACOB OSIFO, Appellant

No. 05-20-00753-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 296th Judicial District Court, Collin County, Texas Trial Court Cause No. 296-82063-2017.
Opinion delivered by Justice Pedersen, III. Justices Partida-Kipness and Nowell participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

In the Judgment Adjudicating Guilt, the phrase "Ten (10) Years, Institutional Division, TDCJ" is deleted from the section entitled "Punishment and Place of Confinement" and "Thirteen (13) Years, Institutional Division, TDCJ" is substituted in that section.

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 30th day of December, 2022.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JASON JACOB OSIFO, Appellant

No. 05-20-00754-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 296th Judicial District Court, Collin County, Texas Trial Court Cause No. 296-82964-2015.

Opinion delivered by Justice Pedersen, III. Justices Partida-Kipness and Nowell participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 30th day of December, 2022.