**Affirmed and Memorandum Opinion filed May 7, 2024.**



**In The**

# Fourteenth Court of Appeals

---

## NO. 14-23-00073-CR

---

**BOBBY MCDADE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 506th Judicial District Court**
**Waller County, Texas**
**Trial Court Cause No. 21-06-17737**

---

## M E M O R A N D U M   O P I N I O N

Appellant Bobby McDade appeals the trial court's judgment revoking his deferred adjudication community supervision and sentencing him to twenty years' confinement for aggravated robbery. In three issues, he challenges the evidence to support three of the revocation grounds found by the trial court. In his fourth issue, he contends the original deferred adjudication order is void for lack of evidence because the trial court made no deadly weapon finding.

To successfully challenge a trial court's judgment revoking community supervision after the court has found multiple violations of the conditions, the appellant must challenge all the findings in support of the revocation judgment. We overrule appellant's first three issues because he failed to challenge all violations found by the trial court.

We overrule appellant's fourth issue because he judicially confessed to the aggravated robbery indictment, which is sufficient to demonstrate that the original deferred adjudication order is not void.

We affirm the trial court's judgment.

## Background

A grand jury indicted appellant for the felony offense of aggravated robbery with a deadly weapon. Appellant waived his right to a jury trial, pleaded guilty to the indictment, and the case was set for a sentencing hearing. Following the hearing, the trial court placed appellant on deferred adjudication community supervision for five years. The judgment imposed several conditions of community supervision.

The State later filed a motion and an amended motion to adjudicate appellant's guilt. The State alleged that appellant, during the period of community supervision, violated several conditions of community supervision. The pertinent conditions include the following:[1]

1. Commit no offense against the laws of this State or any State of the United States or any governmental entity.

2. Avoid injurious or vicious habits including but not limited to: abstain from the use of narcotics or drugs in any form at any time, abstain from the use of alcohol in any form at any time, or any substance capable of or calculated to cause intoxication and never

[1] The State alleged that appellant violated several additional conditions; however, the trial court found that appellant violated only these conditions.

2

become intoxicated.  Avoid illegal or un-prescribed drugs.

3. Avoid persons or places of disreputable or harmful character including but not limited to:  avoid associations with persons with criminal records; avoid places where intoxicating beverages are sold.

15. At the direction of the supervising Community Supervision and Corrections Office, submit proof of a High School Diploma or General Equivalency Development (GED) Certificate to the Court and/or its Community Supervision and Corrections Officer or successfully attend and participate in an approved education program designed to assist in the attainment of a High School Diploma or General Equivalency Development (GED) Certificate.

17. Perform 50 hours of Community Service at a rate of no less than 8 hours per month beginning May 10, 2022 and continuing each month thereafter.  All community service hours are to be completed no later than March 10, 2023.  These hours will be supervised by a separate agency approved by the Court or by the Community Supervision and Corrections Department, whichever the Community Supervision and Corrections Department deems is most appropriate for this defendant.

25. Within 30 days from signing this judgment, defendant shall pay costs and attend a Decision Making Class located at Resource Education Center – 255 Business Highway 290 N – Hempstead, Texas 77445.

26. Letters of Apology to Victim . . . and Deputy James White – WCSO – 100 Sheriff R. Glenn Smith Dr. – Hempstead, TX 77445.

At the hearing on the motion, appellant pleaded "not true" to all allegations.

Appellant's probation officer, Chad Cryer, testified at the hearing.  According to Cryer, appellant admitted consuming marijuana and drinking alcohol at a party, which violated conditions two (prohibiting alcohol and drug use) and three (requiring appellant avoid persons or places of disreputable or harmful character); appellant had not enrolled in required decision-making classes, which violated condition twenty-five; appellant had not undertaken his required community service,

3

which violated condition seventeen; appellant had not written a letter of apology to Deputy White and the victim of the robbery, which violated condition twenty-six; and appellant failed to attend or participate in GED classes, which violated condition fifteen.

Additionally, the State presented evidence that appellant committed a new offense in violation of condition one. In June 2022, Harris County Sheriff's Office Investigator George Grifno was assigned to investigate a shooting incident at a Harris County apartment complex. It was reported that a male was shot multiple times and taken to a hospital. When Investigator Grifno arrived at the apartment complex, he found blood droplets, shell casings, and a "pistol located in the stairway." Several witnesses told Investigator Grifno that they had heard gunfire. Witnesses who desired to remain anonymous told the investigator that four masked men approached the apartment where the shooting occurred immediately before shots were fired. Investigator Grifno testified that this was likely a "drug rip," meaning a robbery. He learned that witnesses saw a male being carried to a white car, which left the scene shortly after the shooting. Those witnesses thought the male had been shot "by the way his friends had been carrying him." The white car was found abandoned nearby after the injured male had already been taken to the hospital. Inside the white car investigators discovered clothes, shoes, several guns, and blood. A crime scene investigator testified that the owner of the abandoned white car reported that appellant had borrowed the car. Although Investigator Grifno determined appellant was at the hospital, he did not attempt to speak to him at that time due to appellant's medical condition. Investigator Grifno attempted later to interview appellant, but he "never cooperated." The investigator interviewed several other people, who provided "inconsistent stories." According to Investigator Grifno, the "[c]ase went cold due to lack of cooperation and [he] closed the case."

4

After hearing the evidence, the trial court found that appellant violated supervision conditions 1, 2, 3, 15, 17, 25, and 26. The court revoked appellant's community supervision, adjudicated him guilty of aggravated robbery, and sentenced appellant to twenty years' confinement in the Texas Department of Criminal Justice, Institutional Division.

## Revocation of Community Supervision

In his first three issues, appellant contends the State failed to prove by a preponderance of the evidence that he violated: (1) condition one, by committing attempted robbery; (2) condition three, by attending a party or being found in a location known to sell drugs; and (3) condition fifteen, by failing to submit a copy of his high school diploma or GED. Appellant has not challenged the other findings.

We review a trial court's decision to revoke community supervision for an abuse of discretion. *See Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013); *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). The trial court has discretion to revoke community supervision when a preponderance of the evidence supports at least one of the State's alleged violations of the conditions of community supervision. *Leonard v. State*, 385 S.W.3d 570, 576 (Tex. Crim. App. 2012). This standard is met when the greater weight of the credible evidence creates a reasonable belief that the defendant violated a condition of his community supervision. *See Rickels*, 202 S.W.3d at 764.

Proof of a single violation is sufficient to support revocation of community supervision. *Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012); *Guerrero v. State*, 554 S.W.3d 268, 274 (Tex. App.—Houston [14th Dist.] 2018, no pet.); *Trevino v. State*, 218 S.W.3d 234, 240 (Tex. App.—Houston [14th Dist.] 2007, no pet.). Thus, to prevail on his revocation issues, appellant was required to challenge all the findings that support the revocation order. *See Moore v. State*, 605 S.W.2d

5

924, 926 (Tex. Crim. App. 1980) ("We need not address appellant's other contentions since one sufficient ground for revocation will support the court's order to revoke probation."); *Gobell v. State*, 528 S.W.2d 223, 224 (Tex. Crim. App. 1975) ("Since the other finding upon which probation was revoked is unchallenged, appellant's contention, even if correct, would not show an abuse of discretion."); *Guerrero*, 554 S.W.3d at 274; *Joseph v. State*, 3 S.W.3d 627, 640 (Tex. App.— Houston [14th Dist.] 1999, no pet.); *see also Chatman v. State*, No. 14-17-00919-CR, 2019 WL 3783578, at *2 (Tex. App.—Houston [14th Dist.] Aug. 13, 2019, no pet.) (mem. op., not designated for publication). Because appellant failed to challenge all findings in support of the trial court's revocation, we need not address his arguments challenging the findings that he violated conditions one, three, and fifteen. *See Guerrero*, 554 S.W.3d at 274; *Joseph*, 3 S.W.3d at 640; *see also Chatman*, 2019 WL 3783578, at *2.

We overrule appellant's first three issues.

## Aggravated Robbery

In his fourth issue, appellant contends that the original deferred adjudication is void because there is no evidence to support his conviction for aggravated robbery.

In this issue, appellant attempts to invoke the void judgment exception to the rule that a defendant may not challenge the sufficiency of the evidence to sustain his conviction in an appeal from deferred adjudication community supervision revocation proceedings. *See Nix v. State*, 65 S.W.3d 667, 668 (Tex. Crim. App. 2001). For a judgment to be void due to no evidence, however, the record must show a due process violation arising from a complete absence of evidence to support the conviction. *See Wolfe v. State*, 560 S.W.2d 686, 688 (Tex. Crim. App. [Panel Op.] 1978); *Crume v. State*, 342 S.W.3d 241, 244 (Tex. App.—Beaumont 2011, no pet.). Here, the record reflects that appellant entered a plea of guilty, judicially confessing

"to committing the offense of Aggravated Robbery, exactly as charged within the indictment. . . ." Although his guilty plea alone may not satisfy the requirements of article 1.15 on direct appeal, such a guilty plea constitutes some evidence for purposes of ensuring that appellant received due process in the present context. *See Nix*, 65 S.W.3d at 668 n.14; *Crume*, 342 S.W.3d at 244; *see also Menefee v. State*, 287 S.W.3d 9, 16-17 (Tex. Crim. App. 2009).

Because there is some evidence to support appellant's adjudication of guilt for aggravated robbery, the original judgment is not subject to attack as a void judgment. Accordingly, we overrule appellant's fourth issue.

### Conclusion

Having overruled appellant's issues, we affirm the trial court's judgment.

/s/ Kevin Jewell
   Justice

Panel consists of Justices Jewell, Bourliot, and Poissant.

Do Not Publish — Tex. R. App. P. 47.2(b).